THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re Impinj, Inc., Securities Litigation. | CASE NO.:  3:18-CV-05704-RSL |
| | **DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT** |
| | NOTE ON MOTION CALENDAR: May 3, 2019 |
| | ORAL ARGUMENT REQUESTED |

**FILED PROVISIONALLY UNDER SEAL PURSUANT TO LOCAL RULE 5(g)(3)**

DEFENDANTS' NOTICE OF
INCORPORATION BY REFERENCE
3:18-CV-05704 RSL

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

Impinj, Inc. ("Impinj" or the "Company"), Dr. Chris Diorio, Evan Fein, and Eric Brodersen ("Individual Defendants," collectively with the Company "Defendants") hereby request that this Court deem certain documents incorporated by reference into Plaintiff's Consolidated Class Action Complaint, ECF No. 35 ("Complaint" or "¶ _").

## ARGUMENT

### I.     LEGAL STANDARDS

Under the incorporation by reference doctrine, "'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading,'" may be considered in ruling on a Rule 12(b)(6) motion to dismiss. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (alteration omitted) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)).  Such a document is properly deemed "part of the complaint itself," *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 1002 (9th Cir. 2018), *petition for cert. filed sub nom. Hagan v. Khoja* (Jan. 31, 2019), and the court may "assume that its contents are true," *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). In addition, the doctrine allows a court to consider the full text of a document that the complaint quotes or refers to only in part.  *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).  The doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Orexigen*, 899 F.3d at 1002.

A document cited, quoted, or relied upon in the complaint is incorporated by reference if (1) the complaint "refers extensively to the document"; or (2) "the document forms the basis of the plaintiff's claim."  *Id.* (quoting *Ritchie*, 342 F.3d at 908).  For reference to be sufficiently extensive, the complaint must refer to the document "at least . . . more than once," *id.* at 1003, or, alternatively, include a substantial quotation, *see id.* at 1004 (holding that a quote running "nearly a page and a half" was an extensive reference).  If the document supplies "the basis of the plaintiff's claim," on the other hand, the complaint need not refer to it extensively to incorporate it by reference.  *See id.* at 1002, 1005 (deeming incorporated an article forming part

**DEFENDANTS' NOTICE OF**
**INCORPORATION BY REFERENCE**
3:18-CV-05704 RSL

-1-

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

of the alleged fraud scheme despite only a "single brief quotation" in the complaint).  In fact, the complaint need not name the document at all if its contents are clearly alleged.  *See id.* (deeming incorporated a document that the complaint "d[id] not name . . . , but appear[ed] to quote from").

Because an incorporated document is "part of the complaint," *id.* at 1002, the court may consider its contents to the same extent as any other fact alleged in support of a claim under section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. For example, the Court may analyze allegedly false statements alongside "other statements made in the same documents" to determine whether they are actually misleading in context.  *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 932 (9th Cir. 1996); *see Roofers Local No. 149 Pension Fund v. Dreamworks Animation SKG, Inc.*, 677 F. App'x 376, 377 (9th Cir. 2017) (assessing allegedly false statements "in the context of the 'SEC filings incorporated by reference in the complaint'" (quoting *Ronconi v. Larkin*, 253 F.3d 423, 427 (9th Cir. 2001))).  And, though an incorporated document generally may not be considered for a defendant's "version of events" at the pleading stage, *Orexigen*, 899 F.3d at 1002, under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the court *must* assess defendants' "plausible, nonculpable explanations" in determining whether the complaint pleads a strong inference of scienter, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).  In doing so, the court *must* consider "documents incorporated into the complaint by reference." *Id.* at 322.

## II.   EXHIBITS 2–18 SHOULD BE DEEMED INCORPORATED BY REFERENCE

In attempting to allege that Defendants knowingly or recklessly misled the market, Plaintiff cites, quotes, or refers to dozens of documents not attached to the Complaint.  Though Defendants have taken care to minimize the materials cited in their Motion to Dismiss Consolidated Class Action Complaint ("Motion" or "MTD"), to place Plaintiff's allegations in their proper context requires examining a substantial subset of those documents, including SEC filings, earnings conference call transcripts, and other documents.  The documents in these three categories should be deemed incorporated by reference for the reasons addressed below.

DEFENDANTS' NOTICE OF
INCORPORATION BY REFERENCE
3:18-CV-05704 RSL

-2-

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

A.     **SEC Filings**

Plaintiff bases its allegations on a panoply of Impinj's public filings with the Securities and Exchange Commission ("SEC").  For convenience, this Notice discusses the filings in three categories: registration statements filed on Form S-1 in support of public offerings of stock; quarterly and annual financial statements filed on Forms 10-Q and 10-K; and earnings press releases filed on Form 8-K.

*Registration Statements.*  The Complaint relies on two Form S-1 registration statements, filed on July 20, 2016 and November 28, 2016 in support of Impinj's initial public offering ("IPO") and a subsequent secondary offering, respectively.  The Complaint cites or refers to the July 2016 Form S-1/A ("July S-1") at least fifteen times, and the November 2016 Form S-1/A ("November S-1," collectively with the July S-1, the "S-1s") three times.  *See* ¶¶ 5, 8–9, 33, 48, 52–54, 56–57, 63, 85–86, 155, 166 (citing or referring to July S-1); ¶¶ 33, 115, 166 (citing or referring to November S-1).  Indeed, the Complaint sometimes refers to these registration statements interchangeably (along with earlier drafts of the statements filed with the SEC), noting that they contain "virtually identical representations."  ¶¶ 33, 166.  These references are sufficiently extensive to incorporate both S-1s into the Complaint.  *See Orexigen*, 899 F.3d at 1007 (deeming incorporated a report cited "several times").

The S-1s are incorporated by reference for the additional, independent reason that each is alleged to contain a false or misleading statement, and therefore forms the basis of Plaintiff's claim.  ¶¶ 85–86, 115; *see Orexigen*, 899 F.3d at 1006 (deeming incorporated a document that in turn incorporated alleged "'materially misleading' statements"); *In re Ocera Therapeutics Sec. Litig.*, 2018 U.S. Dist. LEXIS 219270, at *16–17 (N.D. Cal. Oct. 16, 2018) (deeming incorporated "the sources of the allegedly fraudulent statements").

*Quarterly Financial Statements.*  Plaintiff cites at least two quarterly interim reports on Form 10-Q and one annual report on Form 10-K.  Each document is cited between five and seven times.  *See* ¶¶ 23, 34, 81, 110, 113, 166 (3Q16 10-Q/A); ¶¶ 23, 34, 81, 131, 166 (FY16 10-K); ¶¶ 23, 34, 74, 81, 140, 143, 166 (1Q17 10-Q).  In three instances, in fact, the Complaint cites

DEFENDANTS' NOTICE OF
INCORPORATION BY REFERENCE
3:18-CV-05704 RSL

-3-

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

all of these filings (and all subsequent quarterly reports within the class period and beyond). ¶¶ 23, 81, 166.[1] This amounts to extensive reference. *See Orexigen*, 899 F.3d at 1007 ("several" references is extensive).

All three filings also allegedly contain both false or misleading statements and disclosures Plaintiff relies on in support of scienter. *See* ¶¶ 110, 113 (allegedly false or misleading statements in Q3 2016 Form 10-Q/A); ¶ 131 (allegedly false or misleading statements in 2016 Form 10-K); ¶¶ 140, 143 (allegedly false or misleading statements in Q1 2017 10-Q); ¶ 166 (statements in all reports allegedly indicating scienter). The filings therefore are incorporated by reference for the additional reason that they form the basis of Plaintiff's claim. *See Orexigen*, 899 F.3d at 1006 (incorporating document alleged to contain "'materially misleading' statements"); *Ocera Therapeutics*, 2018 U.S. Dist. LEXIS 219270, at *16–17 (incorporating documents containing "allegedly fraudulent statements"); *In re SunPower Corp. Sec. Litig.*, 2018 U.S. Dist. LEXIS 173777, at *11 n.2 (N.D. Cal. Oct. 9, 2018) (incorporating documents relied upon "as the ground for [defendant's] false statements and scienter").

In addition to these filings, the Complaint cites every quarterly SEC filing from the July 20, 2016 IPO through February 13, 2019, the date the Complaint was filed. *See* ¶ 166 (company disclosed material weakness in "every single quarterly SEC filing since its IPO"). This necessarily includes the Form 10-Q for the second quarter of 2018, filed on September 12, 2018 (along with, of course, the other Forms 10-Q discussed above). This document is incorporated by reference because the Complaint relies on it to allege scienter, making it part of the basis of Plaintiff's claim. ¶ 166; *see SunPower Corp.*, 2018 U.S. Dist. LEXIS 173777, at *11 n.2.

*Earnings Release.* Plaintiff cites a press release filed with the SEC on Form 8-K on February 1, 2018. The Complaint alleges that this release triggered a drop in Impinj's stock price, causing Plaintiff's losses. *See* ¶¶ 179, 181 (claiming Feb. 1, 2018 disclosure caused stock-price drop). This document is therefore incorporated by reference. *See Orexigen*, 899 F.3d at 1005 (holding article incorporated by reference due to allegations that "the loss in [defendant's]

---

[1] The Complaint erroneously refers to the Form 10-K for fiscal year 2016 as a "Form 10-Q." ¶ 166.

-4-

stock price occurred because of this article's revelations").  The release is also incorporated by reference because it is cited five times.  ¶¶ 22, 179, 180 n.33, 181, 186[2]; *see Orexigen*, 899 F.3d at 1007 ("several" references).  The February 1, 2018 Form 8-K is not cited by name, but is nonetheless incorporated by reference because the Complaint alleges its publication date and facts that were obviously obtained from it.  *Compare* ¶¶ 22, 179, 180 n.33 *with* Ex. 13 at 4 (2/1/18 8-K); *see Orexigen*, 899 F.3d at 1005 (complaint incorporated a document it "d[id] not name . . . , but appear[ed] to quote from").

\*     \*     \*

In sum, Defendants request that the Court deem the following SEC filings incorporated by reference:

- Exhibit 2: Form S-1/A filed with the SEC on July 20, 2016;
- Exhibit 6: Form S-1/A filed with the SEC on November 28, 2016;
- Exhibit 8: Form 10-Q/A for third quarter 2016, filed with the SEC on November 15, 2016;
- Exhibit 4: Form 10-K for fiscal year 2016, filed with the SEC on March 3, 2017;
- Exhibit 7: Form 10-Q for first quarter 2017, filed with the SEC on May 11, 2017;
- Exhibit 17: Form 10-Q for second quarter 2018, filed with the SEC on September 12, 2018;
- Exhibit 13: Release filed with the SEC as Exhibit 99.1 to Form 8-K on February 1, 2018.

### B.    Conference Call Transcripts

The Complaint quotes, cites, or refers to transcripts of at least four conference calls in which Impinj discussed its quarterly results with investors and analysts.  The Complaint cites or quotes each transcript between four and six times.  *See* ¶¶ 34, 73, 95, 164 (2Q16 Call); ¶¶ 34, 106, 109, 163, 164, 186 (3Q16 Call); ¶¶ 10, 20, 34, 127, 163, 170 (4Q16 Call); ¶¶ 10, 34, 137, 164, 186 n.34 (1Q17 Call); ¶¶ 79, 170 n.31, 173, 174 (2Q17 Call); ¶¶ 13, 79, 175, 177 (3Q17

[2] The Complaint erroneously refers to "February 1, 2017 disclosures" when discussing the February 1, 2018 Form 8-K in paragraph 186.

DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE
3:18-CV-05704 RSL

-5-

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

Call); ¶¶ 79, 170 n.31, 182–183 (4Q17 Call).  This is extensive enough to incorporate each transcript by reference.  *See Orexigen*, 899 F.3d at 1007 ("several" references).

       Moreover, each transcript forms the basis of Plaintiff's claim.  The Q2 2016, Q3 2016, Q4 2016, and Q1 2017 transcripts contain allegedly false or misleading statements, ¶¶ 95, 106, 109, 127, 137, and statements allegedly supporting scienter, ¶¶ 163–164.  *See Orexigen*, 899 F.3d at 1006 (alleged "'materially misleading' statements"); *Ocera Therapeutics*, 2018 U.S. Dist. LEXIS 219270, at *16–17 ("allegedly fraudulent statements"); *SunPower*, 2018 U.S. Dist. LEXIS 173777, at *11 n.2 ("the ground for [defendant's] false statements and scienter").  The Q3 2016 and Q1 2017 transcripts further contain allegedly false statements aimed at maintaining stock price inflation.  ¶ 186 & n.34; *see Orexigen*, 899 F.3d at 1005 (deeming incorporated document containing an additional alleged misrepresentation that was part of "the same scheme").  The Q2 2017 transcript is cited allegedly in support of scienter, ¶ 170 & n.31, and loss causation, ¶ 174, and is also alleged to contain a misrepresentation designed to stem stock price decline, ¶ 174.  *See SunPower*, 2018 U.S. Dist. LEXIS 173777, at *11 n.2 (scienter); *Orexigen*, 899 F.3d at 1005 (cause of stock-price drop); *id.* (misrepresentation forming part of "the same scheme").  The Q3 2017 transcript is also cited in support of loss causation.  ¶ 177; *see Orexigen*, 899 F.3d at 1005 (cause of stock-price drop).  Finally, the Q4 2017 transcript is cited in support of scienter, ¶ 170 n.31, and loss causation, ¶ 183.  *See SunPower*, 2018 U.S. Dist. LEXIS 173777, at *11 n.2 (scienter); *Orexigen*, 899 F.3d at 1005 (cause of price drop).  These documents are thus incorporated by reference.  The November 1, 2017 transcript is not cited by name, but is nonetheless incorporated by reference because its date and contents are clearly alleged.  *Compare* ¶ 175 (noting endpoint IC sales were "impacted by a decline in endpoint IC demand") *with* Ex. 5 at 6 (3Q17 Call) (same).[3]

---

[3] In two other paragraphs, the Complaint quotes an unspecified disclosure as referring to "a decline in IC demand."  ¶¶ 13, 79.  Impinj's counsel was unable to find this precise phrase in any of the Company's public statements.  Counsel believes that Plaintiff likely inadvertently omitted the word "endpoint" from the phrase "a decline in endpoint IC demand" quoted from the November 1, 2017 conference call transcript.

DEFENDANTS' NOTICE OF
INCORPORATION BY REFERENCE
3:18-CV-05704 RSL

-6-

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

In sum, Defendants respectfully request that the Court deem the following conference call transcripts incorporated by reference:

- Exhibit 12: Transcript of conference call for second quarter 2016, held August 31, 2016;

- Exhibit 14: Transcript of conference call for third quarter 2016, held November 3, 2016;

- Exhibit 9: Transcript of conference call for fourth quarter 2016, held February 16, 2017;

- Exhibit 10: Transcript of conference call for first quarter 2017, held May 4, 2017;

- Exhibit 11: Transcript of conference call for second quarter 2017, held August 3, 2017;

- Exhibit 5: Transcript of conference call for third quarter 2017, held November 1, 2017;

- Exhibit 3: Transcript of conference call for fourth quarter 2017, held February 15, 2018.

**C.     Other Documents**

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████

***Letter from Gregory L. Watts to Jonathan D. Uslaner.*** Though not by name, the Complaint cites a letter from counsel for Defendants, Gregory L. Watts, to counsel for Plaintiff, Jonathan D. Uslaner, sent January 28, 2019.  ¶ 77 n.25.  On March 11, 2019, Plaintiff's counsel confirmed via a telephone call that the January 28, 2019 letter was the letter referenced at footnote 25 to paragraph 77.  Watts Decl. ¶ 16; *see also* Compl. ¶ 159 n.30.

Plaintiff relies on this letter as purportedly excusing the lack of detail in its confidential witnesses' ("CWs") statements.  ¶¶ 77 n.25, 159 n.30.  As explained in Defendants' Motion, CW

DEFENDANTS' NOTICE OF
INCORPORATION BY REFERENCE
3:18-CV-05704 RSL

-7-

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

statements are the backbone of Plaintiff's attempts to plead falsity and scienter.  MTD at 8–14, 15–19.  Plaintiff's attempt to excuse the lack of specific facts in its CWs' statements is therefore critical to two elements of its securities fraud claims, making the letter part of the basis of Plaintiff's claim.  *See Ocera Therapeutics*, 2018 U.S. Dist. LEXIS 219270, at *16–17 (materials allegedly revealing defendants' statements to be false); *SunPower*, 2018 U.S. Dist. LEXIS 173777, at *11 n.2 (scienter).   In addition, the Complaint badly mischaracterizes the representations made by Defendants' counsel in the letter.  MTD at 11 n.1.  This is an additional reason to deem the letter incorporated by reference.  *See Orexigen*, 899 F.3d at 1002 (plaintiff may not plead a claim by creating a misleading impression of the contents of cited documents).

     ***Analyst Report.***  The Complaint cites a report published by analysts at Piper Jaffray on November 2, 2017, the day after the Company announced results for the third quarter of 2017. ¶ 176.  Plaintiff relies on this analyst report to attempt to connect allegedly false or misleading statements about the functionality of Impinj's technology to a drop in Impinj's stock price.  *Id.* The report therefore supplies part of the basis of Plaintiff's claim, and is incorporated by reference for that reason.  *See Orexigen*, 899 F.3d at 1005 (alleged cause of stock-price drop).

*      *      *

     In sum, Defendants respectfully request that the Court deem the following documents incorporated by reference:

- Exhibit 16: January 30, 2016 email from Dr. Diorio to confidential witness;

- Exhibit 15: January 28, 2019 letter from Defendants' counsel to Plaintiff's counsel;

- Exhibit 18: November 2, 2017 report by Piper Jaffray titled "Impinj, Inc. (PI): Downgrading to Neutral; Slowing Deployments and Competition Drags Down Guidance."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**CONCLUSION**

Because each of the above-cited documents is either extensively referenced in the Complaint and/or forms the basis of Plaintiff's claim, Defendants respectfully request that the Court deem the documents incorporated by reference.

Dated:  March 19, 2019

s/ Gregory L. Watts
Barry M. Kaplan, WSBA #8661
Gregory L. Watts, WSBA #43995
Stephanie L. Jensen, WSBA #42042
Christopher M.E. Petroni, WSBA #46966
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone:  (206) 883-2500
Facsimile:  (206) 883-2699
Email: bkaplan@wsgr.com
Email: gwatts@wsgr.com
Email:  sjensen@wsgr.com
Email:  cpetroni@wsgr.com

*Attorneys for Defendants Impinj, Inc., Chris Diorio, Evan Fein, and Eric Brodersen*