1
2                                                      The Honorable Robert S. Lasnik
3
4
5
6                     **UNITED STATES DISTRICT COURT**
7                     **WESTERN DISTRICT OF WASHINGTON**
                              **AT SEATTLE**
8

| | |
|---|---|
| 9  IN RE IMPINJ, INC. SECURITIES | No. 3:18-CV-05704-RSL |
| 10 LITIGATION | |
| 11 | <u>CLASS ACTION</u> |
| 12 | **LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE** |
| 13 | |
| 14 | NOTE ON MOTION CALENDAR: May 3, 2019 |
| 15 | |
| 16 | ORAL ARGUMENT REQUESTED |

17
18
19
20
21
22
23
24
25
26
27

LEAD PLAINTIFF'S OPPOS. TO DEFENDANTS'
NOTICE OF INCORPORATION BY REFERENCE
Case No. 3:18-cv-05704-RSL

BYRNES & KELLER LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

Lead Plaintiff Retirement System of the City of Baton Rouge and Parish of East Baton Rouge ("Baton Rouge" or "Plaintiff") submits this Opposition to Defendants' Notice of Incorporation by Reference in Support of Motion to Dismiss Consolidated Class Action Complaint (ECF No. 44) ("Request").

## I. INTRODUCTION

The Ninth Circuit in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), recently criticized the "concerning pattern" of defendants in securities cases misusing the incorporation-by-reference doctrine to improperly present a one-sided version of events at the pleading stage in an attempt to undermine well-pled allegations. The court made plain that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003. To do otherwise, the court explained, would run afoul of "the prohibition against resolving factual disputes at the pleading stage." *Id.* "Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id*. at 999.

Defendants' Request and Motion to Dismiss are perfect examples of the abuses that the *Orexigen* court denounced. Defendants ask the Court to deem incorporated into the Complaint 17 documents either identified or discussed in the Complaint.[1] Defendants then use those documents in their Motion to Dismiss to construct an alternative version of events that purports to explain away, excuse, or contradict the well-pled factual allegations in the Complaint. Suffice to say that Plaintiff strongly disputes Defendants' alternative version of events and urges the Court to reject their invitation to decide factual issues on their Motion to Dismiss.[2]

---

[1] All "Exhibit" references herein are to the Exhibits to the Declaration of Gregory L. Watts in Support of Defendants' Motion to Dismiss Consolidated Class Action Complaint ("Watts Declaration") (ECF No. 43).

[2] If the Court is inclined to consider Defendants' alternative version of events and accept Defendants' request that the Court weigh and decide those competing factual disputes, then their motion should be converted to a motion for summary judgment and Plaintiff afforded the opportunity to take meaningful discovery. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

LEAD PLAINTIFF'S OPPOS. TO DEFENDANTS'
NOTICE OF INCORPORATION BY REFERENCE
Case No. 3:18-cv-05704-RSL
-1-
BYRNES & KELLER LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

## II. DEFENDANTS' SPECIFIC MISUSES OF INCORPORATION BY REFERENCE

Courts generally may not consider any material beyond the pleadings in deciding a motion to dismiss under Rule 12(b)(6). *United States ex. rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011). One exception is that courts may consider documents that are incorporated into the complaint, to which the complaint refers extensively, or that form the basis of plaintiff's claim. *Orexigen*, 899 F.3d at 1002. It is improper, however, for a defendant to ask the court to assume the truth of the referenced documents in order to concoct a competing version of the facts. *Id.* at 1003 (courts may not assume the truth of a document incorporated into a complaint "if such assumptions only serve to dispute facts stated in a well-pleaded complaint."). As the Ninth Circuit explained, "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999. That is precisely what Defendants attempt here.

Defendants' Motion repeatedly urges the Court to assume the truth of an incorporated document for the sole purpose of disputing the Complaint's allegations. Indeed, Defendants' "statement of alleged facts" comes almost entirely from documents that Defendants argue should be incorporated into the Complaint, with scant few citations to the Complaint's actual alleged facts. All told, Defendants' statement of facts contains 53 separate citations to extraneous documents, and only 9 citations to the Complaint. It is hard to conceive of a more flagrant example of a defendant misusing incorporation by reference to craft a counter-narrative designed to dispute a complaint's well-pled allegations.

Another example of Defendants' misuse of incorporated documents is their attempt to refute the Complaint's well-pled scienter allegations by quoting and asking the Court to assume the truth of the self-serving statement in Impinj's 2Q18 Form 10-K (Ex. 17) that the Company's Audit Committee had investigated and found not credible a whistleblower's claim that the

LEAD PLAINTIFF'S OPPOS. TO DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE
Case No. 3:18-cv-05704-RSL

-2-

BYRNES & KELLER LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

1  Company had artificially inflated revenue.  Courts repeatedly have rejected other defendants'
2  attempts to rely on such self-exonerating statements:

> Plaintiffs may rely on the self-incriminatory portions of [defendant]'s 10-K without having to take the 10-K's self-serving, self-exonerating conclusion of no malfeasance on behalf of the majority of [defendant]'s board as true.

*Lynch v. Rawls,* 429 F. App'x 641, 643, n.1 (9th Cir. 2011).  As the Supreme Court noted, "[s]elf-exculpatory statements are exactly the ones which people are most likely to make even when they are false."  *Williamson v. United States*, 512 U.S. 594, 600 (1994). Crediting such self-exonerating statements would create a giant loophole under the federal securities laws:

> Officers and directors are not exonerated when their own audit committee finds nothing wrong in the company's accounting practices. To rule otherwise would create a huge fox-guards-the-chicken-house loophole in our private securities law enforcement.

*In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1246 (N.D. Cal. 2008).  The Court here should likewise reject Defendants' request that the Court accept as true their self-serving statements about the credibility of the whistleblower's claims.

Defendants also attempt to use their statements in press releases, earnings call transcripts, and public filings to dispute the Complaint's allegations that Impinj's products lacked the basic location capabilities that Defendants repeatedly touted.  *See* Mot. at 7:26-8:5. Plucking favorable statements from those documents, Defendants proffer a competing version of what it means to accurately "locate" items using the Company's products. They then argue that Plaintiff has not adequately alleged the falsity of Defendants' statements when measured against that self-serving definition. *Orexigen* proscribes this kind of misuse of incorporation by reference.  While it may be proper to consider these documents for the limited purpose of recognizing what was said in them, it is improper to assume the truth of the statements contained in them in order to dispute facts stated in Plaintiff's well-pled Complaint. *Orexigen,* 899 F.3d at 1003; *c.f. Lynch v. Rawls*, 429 F. App'x at 643, n.1 (noting that while doctrine of completeness may require consideration of entire document to avoid a misleading impression, "it does not require that the entire content of the document be taken as true in ruling on a defendant's motion to dismiss.").

LEAD PLAINTIFF'S OPPOS. TO DEFENDANTS'
NOTICE OF INCORPORATION BY REFERENCE
Case No. 3:18-cv-05704-RSL

-3-

BYRNES & KELLER LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

Defendants similarly misuse some of the incorporated documents to invent a competing narrative about the demand for Impinj products. *See* Mot. at 5 and 20. The Complaint alleges in detail how Defendants misrepresented the demand for Impinj products despite knowing about fundamental flaws in the product's location accuracy. *See* Complaint at ¶¶95, 99, 109, 113, 130, 143, 149-151. Defendants attempt to refute those allegations with self-serving statements about product demand that, Defendants contend, prove that the location features must have worked, or demand would have declined further. Mot. at 20-21. Once again, however, accepting Defendants' proffered competing inference would be inconsistent with the prohibition against resolving factual disputes at the pleading stage, as well as the Supreme Court and Ninth Circuit's instruction that the court, in conducting the scienter inference analysis, must continue "constantly assuming the plaintiff's allegations to be true," and may only consider inferences that can be "draw[n] from the facts alleged" in the complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324, 326-27 (2007); *N. Mex. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094-95 (9th Cir. 2011) (reversing dismissal of securities action and explaining that, in conducting its analysis, the court must "accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs"). The Court should therefore refuse Defendants' invitation to accept their version of events and resolve factual disputes in their favor.

### III.  CONCLUSION

While Plaintiff does not object to the Court considering Defendants' exhibits for the limited purpose of determining what statements were made in those documents, Plaintiff does object to the Court assuming the truth of those statements and accepting Defendants' proffered inferences based on their self-serving version of the facts to dispute the Complaint's well-pled allegations.

Dated: April 9, 2019

Respectfully submitted,

**BYRNES & KELLER LLP**

*/s/ Bradley S. Keller*
Bradley S. Keller, WSBA# 10665
1000 Second Avenue, 38th Floor

LEAD PLAINTIFF'S OPPOS. TO DEFENDANTS'
NOTICE OF INCORPORATION BY REFERENCE
Case No. 3:18-cv-05704-RSL

-4-

BYRNES & KELLER LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

|   |   |
|---|---|
| 1 | Seattle, Washington 98104 |
| 2 | Telephone: (206) 622-2000 |
|   | Facsimile: (206) 622-2522 |
| 3 | bkeller@byrneskeller.com |

*Liaison Counsel for Plaintiff Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jonathan D. Uslaner (*Pro Hac Vice*)
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323
jonathanu@blbglaw.com
-and-
Salvatore Graziano (admitted *Pro Hac Vice*)
Michael Blatchley (admitted *Pro Hac Vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
michaelb@blbglaw.com

*Counsel for Plaintiff Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge*

---

LEAD PLAINTIFF'S OPPOS. TO DEFENDANTS'
NOTICE OF INCORPORATION BY REFERENCE
Case No. 3:18-cv-05704-RSL

-5-

BYRNES & KELLER LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

          /s/ Bradley S. Keller
          Bradley S. Keller, WSBA# 10665

*Liaison Counsel for Plaintiff Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge*

LEAD PLAINTIFF'S OPPOS. TO DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE
Case No. 3:18-cv-05704-RSL
-6-

BYRNES & KELLER LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000