1

2

3

4

5

6

7

The Honorable Robert S. Lasnik

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

16

17

18

IN RE IMPINJ, INC. SECURITIES
LITIGATION

No. 3:18-cv-05704-RSL

CLASS ACTION

**LEAD COUNSEL'S MOTION FOR
ATTORNEYS' FEES AND LITIGATION
EXPENSES**

**NOTE ON MOTION CALENDAR:**
(Settlement Hearing Date)
November 19, 2020 at 1:30 p.m.

19

20

21

22

23

24

25

26

MOTION FOR ATTORNEYS' FEES AND
EXPENSES (3:18-cv-05704-RSL)

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................... ii

I. PRELIMINARY STATEMENT .................................................................................. 1

II. THE REQUESTED FEES ARE FAIR AND REASONABLE ........................................ 3

    A.    An Award of Attorneys' Fees From The Common Fund Obtained Is Appropriate .................................................................................. 3

    B.    The 25% Fee Requested Is Reasonable ................................................. 4

    C.    The Factors Considered By Courts in the Ninth Circuit Support Approval of the Requested Fee As Fair And Reasonable ....................... 5

        1.    The Results Achieved Support the Fee Request ........................ 5

        2.    The Substantial Risks of the Litigation Support the Fee Request ..................................................................................... 6

        3.    The Skill Required and the Quality of the Work Performed Support the Fee Request ......................................... 7

        4.    The Contingent Nature of the Fee Supports the Fee Request .................... 8

        5.    The Reaction of the Settlement Class to Date and the Approval of Lead Plaintiff Support the Fee Request ................. 8

        6.    The Efforts of Counsel and a Lodestar Cross-Check Confirm That the Requested Fee Is Reasonable ....................... 9

III. PLAINTIFFS' COUNSEL'S EXPENSES ARE REASONABLE ................................. 10

IV. LEAD PLAINTIFF SHOULD BE AWARDED ITS REASONABLE COSTS AND EXPENSES UNDER 15 U.S.C. §78u-4(A)(4)................................................. 11

V. CONCLUSION........................................................................................................ 12

MOTION FOR ATTORNEYS' FEES AND    -i-        BYRNES KELLER CROMWELL LLP
EXPENSES (3:18-cv-05704-RSL)                  1000 Second Avenue, 38th Floor
                                            Seattle, Washington 98104
                                            Telephone: (206) 622-2000

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Am. Apparel, Inc. S'holder Litig.*,
   2014 WL 10212865 (C.D. Cal. July 28, 2014) ...................................................................9

*In re Amgen Inc. Sec. Litig.*,
   2016 WL 10571773 (C.D. Cal. Oct. 25, 2016) ...............................................................9, 12

*In re Anthem, Inc. Data Breach Litig.*,
   2018 WL 3960068 (N.D. Cal. Aug. 17, 2018) ...................................................................4

*In re Apollo Grp. Inc. Sec. Litig.*,
   2012 WL 1378677 (D. Ariz. Apr. 20, 2012) ......................................................................9

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ...........................................................................................4

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980) ..........................................................................................................3

*Booth v. Strategic Realty Tr., Inc.*,
   2015 WL 6002919 (N.D. Cal. Oct. 15, 2015) ....................................................................4

*In re BP Prudhoe Bay Royalty Tr. Sec. Litig.*,
   No. C06-1505 MJP, slip op. (W.D. Wash. June 30, 2009) .................................................4

*In re CTI Biopharma Corp. Sec. Litig.*,
   Case No. 2:16-cv-00216-RSL, slip op. (W.D. Wash. Feb. 1, 2018) ...................................12

*Destefano v. Zynga, Inc.*,
   2016 WL 537946 (N.D. Cal. Feb. 11, 2016) .....................................................................4

*Hatamian v. Advanced Micro Devices, Inc.*,
   No. 4:14-cv-00226-YGR, slip op. (N.D. Cal. Mar. 2, 2018) .............................................4

*In re Heritage Bond Litig.*,
   2005 WL 1594389 (C.D. Cal. June 10, 2005) .................................................................6, 7

*In re Heritage Bond Litig.*,
   2005 WL 1594403 (C.D. Cal. June 10, 2005) ....................................................................8

*Hopkins v. Stryker Sales Corp.*,
   2013 WL 496358 (N.D. Cal. Feb. 6, 2013) .......................................................................10

MOTION FOR ATTORNEYS' FEES AND
EXPENSES (3:18-cv-05704-RSL)                  -ii-

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

*In re Lucent Techs., Inc. Sec. Litig.*,
   327 F. Supp. 2d 426 (D.N.J. 2004) ...................................................................................8

*McGuire v. Dendreon Corp.*,
   Case No. C07-800 MJP, slip op. (W.D. Wash. Dec. 20, 2010) ................................................4

*In re Mercury Interactive Corp. Sec. Litig.*,
   2011 WL 826797 (N.D. Cal. Mar. 3, 2011) ....................................................................10

*In re Novatel Wireless Sec. Litig.*,
   No. 08-CV-01689-AJB(RBB) slip op. (S.D. Cal. June 23, 2014) .............................................4

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008) ................................................................ *passim*

*In re Online DVD-Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015) ..........................................................................................4

*In re QSI Sys., Inc. Sec. Litig.*,
   No. SACV 13-01818-CJC-JPR, slip op. (C.D. Cal. Nov. 19, 2018) .........................................4

*Ret. Sys. v. Micron Tech., Inc.*,
   2011 WL 1882515 (D. Idaho Apr. 28, 2011) ...............................................................10

*Vincent v. Reser*,
   2013 WL 621865 (N.D. Cal. Feb. 19, 2013) .................................................................11

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) ..............................................................................3, 5, 10

*In re Volkswagen "Clean Diesel" Mktg, Sales Practices, and Prods. Liab. Litig.*,
   2019 WL 2077847 (N.D. Cal. May 10, 2019) ...................................................................4

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
   19 F.3d 1291 (9th Cir. 1994) ..........................................................................................8

**STATUTES**

15 U.S.C. §78u-4(A)(4) ..................................................................................................11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(h) .......................................................................................................1

MOTION FOR ATTORNEYS' FEES AND
EXPENSES (3:18-cv-05704-RSL)

-iii-

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

1
2
3
4
5
6
7

Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel"), respectfully submits this memorandum of law in support of its motion, pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, for an award of attorneys' fees for Plaintiffs' Counsel in the amount of 25% of the Settlement Fund.[1]  Lead Counsel also seeks payment of $176,771.21 for litigation expenses that Plaintiffs' Counsel reasonably and necessarily incurred in prosecuting and resolving the Action and for $4,870.00 in costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class.

8

## I.   PRELIMINARY STATEMENT

9
10
11
12
13
14

The proposed Settlement, which provides for the payment of $20,000,000.00 in cash to resolve the Action, is a very favorable result for the Settlement Class.  In undertaking this litigation, counsel faced numerous challenges in proving both liability and damages in this action, which posed the serious risk of no recovery or a substantially lesser recovery than the Settlement. This positive result was achieved through the skill and effective advocacy of Lead Counsel, which litigated this Action on a fully contingent fee basis against highly skilled defense counsel.

15
16
17
18
19
20
21
22

The prosecution and settlement of this litigation required extensive efforts on the part of counsel.  As detailed in the accompanying Declaration of Jonathan D. Uslaner (the "Uslaner Declaration"), Plaintiffs' Counsel vigorously pursued this litigation from the outset by, among other things: (i) conducting an extensive investigation into the alleged fraud, which included interviews of dozens of former Impinj employees and a thorough review of public information such as SEC filings, analyst reports, conference call transcripts, news articles, and materials received in response to Lead Counsel's request to the SEC pursuant to the Freedom of Information Act ("FOIA"); (ii) drafting a detailed consolidated complaint based on this

23
24
25
26

[1]  Unless otherwise noted, capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 9, 2020 (ECF No. 91-2) (the "Stipulation"), or in the Declaration of Jonathan D. Uslaner in Support of (I) Lead Plaintiff's Motion for Final Approval of Settlement and Plan of Allocation, and (II) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses, filed herewith. In this memorandum, citations to "¶ __" refer to paragraphs in the Uslaner Declaration and citations to "Ex. __" refer to exhibits to the Uslaner Declaration.

investigation; (iii) successfully opposing Defendants' comprehensive  motion to dismiss the complaint through briefing and oral argument; (iv) engaging in fact discovery, including obtaining and reviewing nearly a half-million pages of documents produced by defendants and third parties; (v) consulting with experts in the fields of accounting, loss causation, damages, and RFID technology; and (vi) engaging in arm's-length settlement negotiations facilitated by an experienced mediator.[2]

The Settlement achieved through the efforts of Plaintiffs' Counsel is a particularly favorable result when considered in light of the significant risks confronted in the litigation, including challenges related to proving Defendants' liability and establishing loss causation. These risks, which are further detailed in the Uslaner Declaration at paragraphs 47 to 65, posed a real possibility that the Settlement Class would have recovered a lesser amount or nothing if the Action proceeded through summary judgment, trial, and appeals.  Despite these risks, Plaintiffs' Counsel devoted over 4,700 hours to the litigation over nearly two years, all on a contingent-fee basis with no assurance of ever being paid or reimbursed for expenses.

As compensation for their efforts on behalf of the Settlement Class and the risks of non-payment they faced in litigating the Action on a fully contingent basis, Lead Counsel seeks attorneys' fees in the amount of 25% of the Settlement Fund for Plaintiffs' Counsel.  The requested fee is the Ninth Circuit 25% "benchmark" for common fund fee awards and is well within the range of percentage-based fees that courts in this Circuit have awarded in securities class actions with comparable recoveries.  The requested fee also represents a lodestar multiplier of 1.88, which is also well within the range of lodestar multipliers awarded in class actions with

---

[2] Plaintiffs' Counsel consist of (i) Lead Counsel; (ii) Byrnes Keller Cromwell LLP, which served as liaison counsel for Lead Plaintiff and the Settlement Class in this Action; and (iii) Thornton Law Firm LLP, Hedin Hall L.L.P., and Scott + Scott Attorneys at Law LLP (the "New York Action Counsel").  The New York Action Counsel represent the plaintiff in a putative class action brought in New York State court (the "New York Action") that asserts factually related Securities Act claims and will be resolved by this Settlement.  Those firms devoted time to investigating and initiating the New York Action and participated in settlement negotiations resolving the Actions.  The members of the proposed class they sought to represent in the New York Action are members of the Settlement Class and will benefit from the Settlement.

MOTION FOR ATTORNEYS' FEES AND
EXPENSES (3:18-cv-05704-RSL)

-2-

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

1    contingency risks such as this one.

2         The application for fees and expenses has the full support of Lead Plaintiff.  Lead Plaintiff

3    is a sophisticated institutional investor that actively supervised the Action and has endorsed

4    counsel's fee request as fair and reasonable in light of the result achieved in the Action, the

5    quality of the work counsel performed, and the litigation risks.  In addition, while the Court's

6    deadline for objections to the requested attorneys' fees and expenses has not yet passed, no

7    objection to the request for fees and expenses has yet been received following the dissemination

8    of the Notice to nearly 60,000 potential Settlement Class Members and nominees.[3]

9         For these reasons and those discussed further below, Lead Counsel submits that the

10   requested fee award is reasonable and the expenses for which reimbursement are sought were

11   reasonable and necessary for the successful prosecution of the Action.

12   **II.      THE REQUESTED FEES ARE FAIR AND REASONABLE**

13        **A.      An Award of Attorneys' Fees From**
              **The Common Fund Obtained Is Appropriate**

14

15        The Supreme Court has recognized that "a litigant or a lawyer who recovers a common

16   fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's

17   fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).  The Ninth

18   Circuit has approved the percentage-of-recovery approach for determining the appropriate fee

19   amount, which has become the prevailing method for awarding fees in common-fund cases. *See,*

20   *e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *In re Omnivision Techs.,*

21   *Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (noting that the "use of the percentage method

22   in common fund cases appears to be [the] dominant" method for determining attorneys' fees).

23

24

25   _____

26   [3]   The deadline for the submission of objections is October 29, 2020.  Lead Counsel will address any objections that may be received in its reply papers, which will be filed with the Court on November 12, 2020.

---

MOTION FOR ATTORNEYS' FEES AND                    -3-                BYRNES KELLER CROMWELL LLP
EXPENSES (3:18-cv-05704-RSL)                                         1000 Second Avenue, 38th Floor
                                                                    Seattle, Washington 98104
                                                                    Telephone: (206) 622-2000

**B.    The 25% Fee Requested Is Reasonable**

The Ninth Circuit has established that, in common-fund cases such as this one, the "benchmark" percentage attorney fee award is 25% of the settlement fund.  *See, e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) ("in this circuit, the benchmark percentage is 25%"); *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 942 (9th Cir. 2011) ("courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure").   Courts have found fee awards in the amount of the 25% benchmark to be "presumptively reasonable."  *See In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3960068, at *4 (N.D. Cal. Aug. 17, 2018); *Booth v. Strategic Realty Tr., Inc.*, 2015 WL 6002919, at *7 (N.D. Cal. Oct. 15, 2015).   Indeed, courts have found that, "in most common fund cases, the award *exceeds* that benchmark" of 25%.  *Omnivision*, 559 F. Supp. 2d at 1047.

The 25% fee requested is also well within the range of percentage fees typically awarded in securities class actions and other complex class actions in the Ninth Circuit with comparable recoveries.  *See, e.g.*, *In re QSI Sys., Inc. Sec. Litig.*, No. SACV 13-01818-CJC-JPR, slip op. at 2 (C.D. Cal. Nov. 19, 2018), ECF No. 120 (Ex. 7) (awarding 25% of $19 million settlement); *In re Volkswagen "Clean Diesel" Mktg, Sales Practices, and Prods. Liab. Litig.*, 2019 WL 2077847, at *4 (N.D. Cal. May 10, 2019) (awarding 25% of $48 million settlement); *Hatamian v. Advanced Micro Devices, Inc.*, No. 4:14-cv-00226-YGR, slip op. at 3 (N.D. Cal. Mar. 2, 2018), ECF No. 364 (Ex. 8) (awarding 25% of $29.5 million settlement); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *22 (N.D. Cal. Feb. 11, 2016) (awarding 25% of $23 million settlement); *In re Novatel Wireless Sec. Litig.*, No. 08-CV-01689-AJB(RBB), slip op. at 1 (S.D. Cal. June 23, 2014), ECF No. 520 (Ex. 9) (awarding 27.5% of $16 million settlement); *McGuire v. Dendreon Corp.*, Case No. C07-800 MJP, slip op. at 3-4 (W.D. Wash. Dec. 20, 2010), ECF No. 235 (Ex. 10) (awarding 25% of $16.5 million settlement); *In re BP Prudhoe Bay Royalty Tr. Sec. Litig.*, No. C06-1505

MOTION FOR ATTORNEYS' FEES AND
EXPENSES (3:18-cv-05704-RSL)                     -4-

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

1  MJP, slip op. at 2 (W.D. Wash. June 30, 2009), ECF No. 127 (Ex. 11) (awarding 27% of $43.25

2  million settlement).

3  **C.      The Factors Considered By Courts in the Ninth Circuit Support
          Approval of the Requested Fee As Fair And Reasonable**

4

5      Courts in the Ninth Circuit also consider the following factors when determining whether

6  a fee is reasonable:  (1) the results achieved; (2) the risks of litigation; (3) the skill required and

7  quality of work; (4) the contingent nature of the fee and financial burden carried by the plaintiffs;

8  (5) awards made in similar cases; (6) the reaction of the class; and (7) the amount of a lodestar

9  cross-check.  *See Vizcaino*, 290 F.3d at 1048-50; *Omnivision*, 559 F. Supp. 2d at 1046-48.  Each

10  of these factors confirms that the requested fee of 25% is fair and reasonable in this Action.

11          **1.      The Results Achieved Support the Fee Request**

12      Courts have recognized that where Lead Counsel has achieved a favorable result for the

13  class, it is appropriate to award the benchmark 25% fee percentage or a higher amount. Here,

14  Lead Counsel seeks an award of the 25% benchmark, which is supported by the results achieved,

15  including overcoming Defendants' motion to dismiss, obtaining critical evidence and witness

16  accounts, and achieving a $20 million cash Settlement, which returns to investors approximately

17  10% to 34% of the maximum realistic recoverable damages that could be obtained if Lead

18  Plaintiff were to prevail at trial, and on appeals.  ¶ 62.  This level of recovery is substantially

19  above the median recovery in comparable securities class actions, eliminates the risks and

20  uncertainties of continued litigation, and supports the requested benchmark fee percentage.  *Id*.

21  (median recovery in comparable cases is 4%); *see also Omnivision,* 559 F. Supp. 2d at 1046

22  (settlement with recovery of "approximately 9% of the possible damages, which is more than

23  triple the average recovery in securities class action settlements … weighs in favor of granting the

24  requested 28% fee").

25      The result obtained is also particularly favorable in light of the amount of available

26  insurance and the Company's financial condition.  Impinj's insurance was limited and, as a result

1   and unlike in many securities class actions, the Company itself is funding a significant percentage

2   (27%) of the settlement.  ¶ 63.  Moreover, there were serious questions about Impinj's ability to

3   fund a substantial judgment if one were obtained at the conclusion of the litigation after its

4   insurance coverage would have likely been exhausted by defense costs.  The Company had a net

5   loss of $4.3 million in the quarter preceding the mediation, an accumulated deficit of $267.1

6   million, and a net cash balance of only $29.3 million.  *Id*.   These circumstances further

7   demonstrate that the $20 million settlement is a highly favorable outcome of the Settlement Class.

8   **2.      The Substantial Risks of the Litigation Support the Fee Request**

9   "The risks assumed by Class Counsel, particularly the risk of non-payment or

10  reimbursement of expenses" is also a "factor in determining counsel's proper fee award." *In re*

11  *Heritage Bond Litig.*, 2005 WL 1594389, at *14 (C.D. Cal. June 10, 2005).  Here, while Lead

12  Counsel believes that the claims of Lead Plaintiff and the Settlement Class have merit, Lead

13  Counsel recognized that this case presented substantial risks and uncertainties from the time it

14  was filed, which made it far from certain that any recovery would ultimately be obtained.  Indeed,

15  in the course of the litigation, one of the risks that existed in the case from the outset was realized

16  when the Court dismissed the Complaint's demand-related false statements made before the first

17  quarter of 2017.  Other substantial risks that Lead Plaintiff and the Settlement Class continued to

18  face included risks of proving falsity, scienter, loss causation, and damages.

19  The substantial risks of proving falsity were highlighted by the fact that no related action

20  was ever brought against Impinj by the SEC or another governmental entity—indeed, the SEC

21  investigated and declined to pursue an action—and that the Company has never been required by

22  its auditor to restate any of the relevant financial statements.  ¶ 52.  In addition, Defendants would

23  point out that Impinj's Audit Committee conducted an internal investigation into Lead Plaintiff's

24  allegations of "channel stuffing" and concluded that no misstatements were made.  *Id*.  Likewise,

25  Defendants would contend that Lead Plaintiff's claims related to alleged false statements about

26

MOTION FOR ATTORNEYS' FEES AND          -6-          BYRNES KELLER CROMWELL LLP
EXPENSES (3:18-cv-05704-RSL)                          1000 Second Avenue, 38th Floor
                                                     Seattle, Washington 98104
                                                     Telephone: (206) 622-2000

the Platform's locationing capabilities were undercut by the accounts of numerous customers who are purportedly successfully using the Platform. ¶ 50.

Lead Plaintiff also faced additional challenges in establishing that Defendants knew that the alleged misstatements were false or were deliberately reckless in making them and significant risks relating to loss causation and damages. ¶¶ 55-57. Proof of loss causation would have been particularly difficult here because there was no disclosure by Defendants ever stating that the Impinj Platform did not provide locationing—indeed, Defendants contend that it did—and Defendants would continue to argue that Impinj's issues with locationing capabilities did not lead to the decreased demand in IC end-points that was ultimately disclosed. ¶¶ 59-60. Finally, as discussed above, concerns about the amount of available insurance and Impinj's financial ability to fund a substantial judgment also presented additional risks to recovery in the Action. ¶¶ 63-64. All of these risks support the fee request in this Action, which has been litigated by Plaintiff's Counsel since 2018 without compensation and on a fully contingent basis.

**3.      The Skill Required and the Quality of the Work Performed Support the Fee Request**

"The experience of counsel is also a factor in determining the appropriate fee award." *Heritage Bond*, 2005 WL 1594389, at \*12. Lead Counsel is among the most experienced and skilled practitioners in the securities litigation field. *See* BLB&G Firm Resume (Ex. 5A-4). Lead Counsel's reputation as experienced counsel in complex securities cases facilitated Lead Counsel's ability to overcome Defendants' challenges and achieve a favorable settlement against skilled and highly respected lawyers from Wilson Sonsini Goodrich & Rosati, P.C.

This securities class litigation raised a number of complex factual and legal questions that required highly specialized and skilled work by Lead Counsel. To prosecute the claims at issue, Lead Counsel had to undertake a wide-ranging investigation; consult with numerous experts and consultants; and pursue extensive discovery to establish evidence for these claims. ¶¶ 14-16, 25-38. The complex subject matter and the skill required by Lead Counsel further support the

1    requested fee.

2    **4.     The Contingent Nature of the Fee Supports the Fee Request**

3    It has long been recognized that attorneys are entitled to a larger fee when their

4    compensation is fully contingent in nature, as there is a risk that they will receive no

5    compensation for their efforts and receive payment years after the services were rendered.  *See In*

6    *re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994) ("It is an

7    established practice in the private legal market to reward attorneys for taking the risk of non-

8    payment by paying them a premium over their normal hourly rates for winning contingency

9    cases."); *see also Omnivision*, 559 F. Supp. 2d at 1047.  Here, Plaintiffs' Counsel committed

10   significant resources of both time and money to vigorously and successfully prosecute this action

11   for several years without any guarantee of compensation or reimbursement of expenses.  Any fee

12   award and expense reimbursement in this Action has always been at risk and contingent on the

13   result achieved.  ¶¶ 91-93.

14   **5.     The Reaction of the Settlement Class to Date and the**
         **Approval of Lead Plaintiff Support the Fee Request**
15

16   "The existence or absence of objectors to the requested attorneys' fee is a factor in

17   determining the appropriate fee award."  *See In re Heritage Bond Litig.*, 2005 WL 1594403, at

18   *21 (C.D. Cal. June 10, 2005).  Here, the Notice, which informed Settlement Class Members of

19   Lead Counsel's application for fees and expenses and how to object, has been mailed to nearly

20   60,000 potential Settlement Class Members.  *See* Miller Decl. (Ex. 4) ¶¶ 2-8.  Although the

21   deadline for filing any objections will not run until October 29, 2020, no Settlement Class

22   Member has filed an objection to the fees and expenses requested to date.  Uslaner Decl. ¶ 95.

23   In addition, Lead Plaintiff supports approval of the requested fee based on the result

24   obtained, the efforts of counsel, and the risks in the Action.  *See* Yates Decl. (Ex. 2) ¶¶ 8-9.  The

25   endorsement of Lead Plaintiff, which took an active role in the litigation and closely supervised

26   the work of Lead Counsel, further supports approval of the fee request.  *See, e.g.*, *In re Lucent*

MOTION FOR ATTORNEYS' FEES AND          -8-          BYRNES KELLER CROMWELL LLP
EXPENSES (3:18-cv-05704-RSL)                                    1000 Second Avenue, 38th Floor
                                                                            Seattle, Washington 98104
                                                                            Telephone: (206) 622-2000

*Techs., Inc. Sec. Litig.*, 327 F. Supp. 2d 426, 442 (D.N.J. 2004) ("Significantly, the Lead Plaintiffs, both of whom are institutional investors with great financial stakes in the outcome of the litigation, have reviewed and approved Lead Counsel's fees and expenses request.").

### 6.      The Efforts of Counsel and a Lodestar Cross-Check <u>Confirm That the Requested Fee Is Reasonable</u>

"Although an analysis of the lodestar is not required for an award of attorneys' fees in the Ninth Circuit, a cross-check of the fee request with a lodestar amount can demonstrate the fee request's reasonableness." *In re Amgen Inc. Sec. Litig.*, 2016 WL 10571773, at *9 (C.D. Cal. Oct. 25, 2016).[4] Here, the substantial time and effort expended by Plaintiffs' Counsel in prosecuting the Action and achieving the Settlement further support the requested fee. As set forth in greater detail in the accompanying declarations, Plaintiffs' Counsel, among other things:

- conducted an extensive investigation into the alleged fraud, including interviews of dozens of former Impinj employees, and a thorough review of information such as SEC filings, analyst reports, conference call transcripts, news articles, and materials received in response to Lead Plaintiff's FOIA request to the SEC (¶¶ 14-16);

- researched and drafted a detailed consolidated complaint (¶ 17);

- researched, briefed, and argued Lead Plaintiff's opposition to Defendants' motion to dismiss, which resulted in the denial of Defendants' motion (¶¶ 18-23);

- engaged in significant fact discovery, including preparing and serving interrogatories and document requests to Defendants and subpoenas to numerous third parties (¶¶ 25-37);

- reviewed nearly a half-million pages of documents produced by Defendants and numerous third parties (¶¶ 33-34);

- consulted with experts in accounting, damages, loss causation, and RFID technology (¶ 38);

- prepared Lead Plaintiff's motion for class certification and worked with Lead Plaintiff's expert on his preparation of a supporting expert report on the efficiency of the market for Impinj common stock (¶ 39); and

---

[4] *See also In re Am. Apparel, Inc. S'holder Litig.*, 2014 WL 10212865, at *23 (C.D. Cal. July 28, 2014) ("In contrast to the use of the lodestar method as a primary tool for setting a fee award, the lodestar cross-check can be performed with a less exhaustive cataloging and review of counsel's hours."); *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *7 n.2 (D. Ariz. Apr. 20, 2012) ("an itemized statement of legal services is not necessary for an appropriate lodestar cross-check").

MOTION FOR ATTORNEYS' FEES AND      -9-
EXPENSES (3:18-cv-05704-RSL)

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

- engaged in arm's-length settlement negotiations with Defendants, which included preparation of detailed mediation statements and a full-day mediation session (¶¶ 40-43).

As detailed in the accompanying Uslaner Declaration, Plaintiffs' Counsel devoted 4,774.45 hours to this Action, amounting to a lodestar of $2,662,165.75 and a multiplier of 1.88. Meanwhile, fee requests in class actions with contingency risks, such as this one, routinely represent much greater multipliers of counsel's lodestar. As courts in this Circuit have explained, "[m]ultipliers of 1 to 4 are commonly found to be appropriate in complex class action cases." *Hopkins v. Stryker Sales Corp.*, 2013 WL 496358, at *4 (N.D. Cal. Feb. 6, 2013); *see also Vizcaino*, 290 F.3d at 1051-52 & n.6 (multiplier of 3.65 was "within the range of multipliers applied in common fund cases"); *City of Roseville Emps.' Ret. Sys. v. Micron Tech., Inc.*, 2011 WL 1882515, at *7 (D. Idaho Apr. 28, 2011) ("multiplier of 2.72 . . . is relatively standard"); *In re Mercury Interactive Corp. Sec. Litig.*, 2011 WL 826797, at *2 (N.D. Cal. Mar. 3, 2011) (awarding fee resulting in a multiplier of 3.08, which is "within the acceptable range").

In sum, the attorneys' fee request is consistent with the Ninth Circuit's 25% "benchmark" and is fair and reasonable.

## III.   PLAINTIFFS' COUNSEL'S EXPENSES ARE REASONABLE

Lead Counsel also requests reimbursement of the litigation expenses incurred by Plaintiffs' Counsel in prosecuting and resolving the Actions on behalf of the Settlement Class, which amounted to $176,771.21. ¶ 99. Attorneys who create a common fund for the benefit of a class are entitled to reimbursement for their out-of-pocket expenses incurred in creating the fund so long as the submitted expenses are reasonable and directly related to the prosecution of the action. *See Omnivision*, 559 F. Supp. 2d at 1048 ("Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters.").

The expenses sought for reimbursement are detailed in the Uslaner Declaration and its Exhibit 6, which sets forth the specific categories of expenses incurred and the amounts. The types of expenses for which reimbursement is sought were necessarily incurred and are routinely charged to clients billed by the hour. These include expenses associated with, among other

things, experts, on-line legal and factual research, travel, and mediation. *See, e.g.*, *Vincent v. Reser*, 2013 WL 621865, at \*5 (N.D. Cal. Feb. 19, 2013) (granting reimbursement of costs and expenses for "three experts and the mediator, photocopying and mailing expenses, travel expenses, and other reasonable litigation related expenses").

The largest component of Plaintiffs' Counsel's expenses, $132,114.00, or approximately 75%, was for the cost of retaining experts and consultants. ¶ 100. The expenses also include costs of on-line factual and legal research in the total amount of $9,983.25. ¶ 101. In addition, Plaintiffs' Counsel incurred $5,720.00 in mediation fees paid to Phillips ADR for the services of Michelle Yoshida, who conducted the mediation process that led to the Settlement. *Id*. All of these expenses were necessary to ensure the effective prosecution of the Action.

The Notice informed potential Settlement Class Members that Lead Counsel would apply for Litigation Expenses in an amount not to exceed $275,000. Notice ¶¶ 5, 50. The amount of expenses now sought—$176,771.21 for Plaintiffs' Counsel expenses, plus $4,870.00 sought for Lead Plaintiff, or $181,641.21 in total—is substantially less than the maximum amount stated in the Notice. To date, no Settlement Class Member has objected to the expense request. ¶ 105.

## IV. LEAD PLAINTIFF SHOULD BE AWARDED ITS REASONABLE COSTS AND EXPENSES UNDER 15 U.S.C. §78u-4(A)(4)

The PSLRA provides that an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class" may be made to "any representative party serving on behalf of a class." 15 U.S.C. § 78u-4(a)(4).

Consistent with the PSLRA, Lead Plaintiff seeks $4,870.00 in expenses directly related to its participation in the Action. *See* Yates Decl. ¶¶ 5-6, 11-12. Lead Plaintiff, who took an active role in the litigation, regularly communicated with Lead Counsel, reviewed pleadings and briefs filed in the Action, assisted in responding to Defendants' discovery requests, and consulted with Lead Counsel regarding the settlement negotiations. *Id*. ¶ 5. These efforts required employees of Lead Plaintiff to dedicate time to this Action that they otherwise would have devoted to their

MOTION FOR ATTORNEYS' FEES AND
EXPENSES (3:18-cv-05704-RSL)
-11-
BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

regular duties for Lead Plaintiff and thus represented a cost to the Lead Plaintiff. *Id.* ¶ 11. In addition, Lead Plaintiff incurred expenses for time spent on the Action by its general counsel, who communicated with and assisted Lead Counsel and Lead Plaintiff's Board concerning the litigation and settlement. *Id*. ¶ 12.

The amount of expenses requested for reimbursement by Lead Plaintiff, $4,870.00, is reasonable. *See, e.g.*, *In re CTI Biopharma Corp. Sec. Litig.*, Case No. 2:16-cv-00216-RSL, slip op. at 4 (W.D. Wash. Feb. 1, 2018), ECF No. 118 (Ex. 12) (awarding lead plaintiff $18,363 based on time dedicated to the action by its employees); *Amgen*, 2016 WL 10571773, at *10 (awarding institutional class representative $30,984); *Omnivision*, 559 F. Supp. 2d at 1049 (reimbursing lead plaintiffs for "time and expenses" in the amount of $29,913.80).

## V.    CONCLUSION

For all the foregoing reasons, Lead Counsel respectfully requests that the Court award attorneys' fees of 25% of the Settlement Fund; Plaintiffs' Counsel's litigation expenses in the amount of $176,771.21; and a PSLRA reimbursement to the Lead Plaintiff in the amount of $4,870.00.

Dated: September 25, 2020                     Respectfully submitted,

                                              **BYRNES KELLER CROMWELL LLP**

                                              */s/ Bradley S. Keller*
                                              Bradley S. Keller, WSBA# 10665
                                              bkeller@byrneskeller.com
                                              1000 Second Avenue, 38th Floor
                                              Seattle, WA 98104
                                              Tel: (206) 622-2000
                                              Fax: (206) 622-2522

                                              *Liaison Counsel for Lead Plaintiff Employees'*
                                              *Retirement System of the City*
                                              *of Baton Rouge and Parish of East Baton Rouge*

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

Jonathan D. Uslaner (*Pro Hac Vice*)
jonathanu@blbglaw.com
Richard D. Gluck *Pro Hac Vice*)
rich.gluck@blbglaw.com
Lauren M. Cruz
lauren.cruz@blbglaw.com (*Pro Hac Vice*)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (370) 819-3480

-and-

John C. Browne (*Pro Hac Vice*)
johnb@blbglaw.com
Michael D. Blatchley (*Pro Hac Vice*)
michaelb@blbglaw.com
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Lead Plaintiff Employees'
Retirement System of the City of Baton Rouge
and Parish of East Baton Rouge and
Lead Counsel for the Settlement Class*

**THORNTON LAW FIRM LLP**
Guillaume Buell
gbuell@tenlaw.com
1 Lincoln Street
Boston, MA 02111
Tel:  (617) 720-1333

*Counsel for Plymouth County Retirement System*

---

MOTION FOR ATTORNEYS' FEES AND
EXPENSES (3:18-cv-05704-RSL)

-13-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.


*/s/ Bradley S. Keller*
Bradley S. Keller, WSBA# 10665

*Liaison Counsel for Plaintiff Employees'
Retirement System of the City of Baton Rouge and
Parish of East Baton Rouge*

---