**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| IN RE IMPINJ, INC. SECURITIES LITIGATION | No. 3:18-cv-05704-RSL<br><br><u>CLASS ACTION</u><br><br>**ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES** |

ORDER AWARDING ATTORNEYS' FEES AND
LITIGATION EXPENSES
(3:18-cv-05704-RSL)

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000

This matter came on for hearing on November 19, 2020 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and released over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 9, 2020 (ECF No. 91-2) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order approving the proposed Plan of Allocation, and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund, and $176,771.21 in payment of Lead Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.  Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

4. In making this award of attorneys' fees and payment of expenses from the Settlement Fund, the Court has considered and found that:

   (a) The Settlement has created a fund of $20,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class

Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b)  The requested fee has been reviewed and approved as reasonable by Lead Plaintiff, a sophisticated institutional investor that actively supervised the Action;

(c)  No objections to the requested attorneys' fees and Litigation Expenses were received;

(d)  Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e)  The Action raised a number of complex issues;

(f)  Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g)  Plaintiffs' Counsel devoted over 4,700 hours, with a lodestar value of over $2,662,000, to achieve the Settlement; and

(h)  The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

5.  Lead Plaintiff Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge is hereby awarded $4,870.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

6.  Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

7.  Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

8.  In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9.  There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 20th day of November, 2020.

*[signature]*
The Honorable Robert S. Lasnik
United States District Judge

ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES
(3:18-cv-05704-RSL)

- 3 -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000